## WHITING v. CITY OF NEW YORK.

*Judgment on demurrer.*

Where a demurrer is overruled, with leave to answer over, if the demurrant, instead of answering, take an appeal from the judgment, he cannot have leave to answer over, in the appellate court; judgment of affirmance is final.[1]

APPEAL from the general term of the Court of Common Pleas, for the city and county of New York, where a judgment entered in favor of the plaintiff, upon demurrer to the complaint, had been affirmed.

This was an equitable action by James R. Whiting against the Mayor, Aldermen and Commonalty of the City of New York, to restrain the defendants from altering the established grade of Worth street, in that city.

The defendants demurred to the complaint, but their demurrer was overruled, with leave to answer. They declined to answer, and took an appeal from the judgment; and the same having been affirmed at general term, a further appeal to this court. On the argument, the appellants urged that, if the judgment should be affirmed, leave should now be given to them to answer the complaint.

*O'Gorman*, for the appellants.

*Wright* and *Cornell*, for the respondent.

PER CURIAM. (The judgment having been ordered to be affirmed, upon the pleadings.[2])—Where a pleading is

[1] See Vanderbilt v. Schreyer, 81 N. Y. 646.

[2] For the opinion of GROVER, J., upon the merits, see 6 Trans. App. 193.

sustained, the demurrer being overruled, and leave is given to answer the pleading, the demurrant is put to his election to answer over, or submit to judgment, and if he submit to judgment, the judgment is final. If he appeal therefrom to this court, such appeal comes here on the question of affirmance or reversal only; and no leave to the demurrant to answer or plead anew can be given. The judgment here is absolutely final.

Judgment affirmed.